IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                        Cr. S-93-0383 DFL

    v.

KEITH ALAN ROBINSON,

        Defendant.                 <u>ORDER</u>

_____/

        Defendant Keith Alan Robinson moves for the following: (1) a sentence reduction under 18 U.S.C. § 3582(c)(2); (2) to have counsel appointed to aid him with his § 3582(c)(2) motion; (3) a "clarification of motion notice for reconsideration of motion to dismiss the indictment"; and (4) a copy of the docket sheet.

A.    <u>Motion Under §18 U.S.C. § 3582</u>

        Defendant was convicted of several serious offenses on February 16, 1995. On December 22, 1995, the Ninth Circuit affirmed the conviction. The Supreme Court denied his petition for a writ of certiorari on April 15, 1996.

        On November 28, 2001, this court dismissed defendant's untimely motion to set aside the judgment and sentence under 28 U.S.C. § 2255. On March 22, 2004, this court construed a

motion to dismiss the indictment under Fed. R. Civ. P. 12(b)(2) as a second § 2255 motion and dismissed the motion because it was not certified.  The court construes the current § 3582(C)(2) motion as a third § 2255 motion and dismisses it because it too is not certified.

In this motion, defendant challenges his sentence under new case law extending the rule stated in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).  See United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005).  Defendant claims that his sentence was based on facts not determined by the jury.  As a result, he argues that he was sentenced beyond the maximum term recommended by the sentencing guidelines.

This allegation does not support a motion under 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) allows a prisoner who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" to request resentencing.  Therefore, a motion under § 3582(c)(2) is appropriate only when a prisoner's sentence has been lowered by a subsequent amendment to the sentencing guidelines by the Sentencing Commission.  Although defendant claims that his motion lies under § 3582(c)(2), he does not allege that his sentencing range has been lowered by a Sentencing Commission amendment.  Instead, he challenges his sentence based on a change in constitutional law.  Such a motion must be made under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (construing § 2241 petition challenging the legality of a conviction as a § 2255 motion).

Federal courts may sometimes "ignore the legal label a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."  Castro v. United States, 540 U.S. 375, 381, 124 S.Ct. 786 (2003).  There is no unfairness in construing defendant's present motion as a third § 2255 motion, and the court does so.

An appellate panel must certify a successive § 2255 before defendant can file it in this court.  28 U.S.C. § § 2255, 2244.  Defendant has filed two previous § 2255 motions.  Because the present motion was not certified, it must be dismissed.

2

1  B.     Appointment of Counsel

2         Defendant seeks to have counsel appointed to assist him with his § 3852 motion.
3  Because the § 3852 motion is dismissed, defendant does not require the assistance of counsel.
4  The motion to have counsel appointed is denied.

5  C.     Motion for Reconsideration

6         The court interprets defendant's "motion for clarification of motion notice for
7  reconsideration of motion to dismiss the indictment" as a motion for reconsideration of the
8  March 19, 2003 order denying defendant's motion to dismiss the indictment. Defendant argues
9  that he timely filed a motion to reconsider this ruling. However, there is no such motion
10 contained in his file or listed on the docket. Even if defendant did file a timely motion, it must be
11 denied. Defendant asks for reconsideration of the ruling because he did not receive a warning
12 and a chance to withdraw the motion before this court construed it as a successive § 2255
13 motion. Defendant claims that this was error under Castro v. United States, 540 U.S. 375, 124
14 S.Ct. 786 (2003). Defendant is mistaken.

15        In Castro, the Supreme Court held that district courts must give a *pro se* prisoner a
16 warning and an opportunity to withdraw a motion before re-characterizing it as his first § 2255
17 motion. The court construed defendant's motion as his second § 2255 motion. Therefore, the
18 rule in Castro does not apply to the March 19, 2003 order. The motion to reconsider that
19 decision is denied.

20 D.     Docket Sheet

21        Defendant requests a copy of the docket sheet. The clerk shall attach a copy of
22 defendant's docket sheet to this order.

23        For the reasons stated above, defendants § 3852(c)(2) motion is DISMISSED and the
24 remaining motions are DENIED.

25 ////

26 ////

3

1 ////

2     IT IS SO ORDERED.

3 Dated: 11/8/2005

                                                DAVID F. LEVI
                                                United States District Judge