UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>KEITH ALAN ROBINSON,<br><br>　　　　　Defendant/Movant. | No. 2:93-cr-0383 JAM DB<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant challenges his 1995 sentence for convictions involving armed bank robberies. He argues that the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson) renders his designation as a career offender invalid and requires that his convictions on counts for aiding and abetting the use of firearms during a "crime of violence" be vacated. After considering the briefs and supplemental authority provided by the parties, for the reasons set forth below, this court recommends the motion be denied.

**BACKGROUND**

After a jury trial, movant was convicted on the following fifteen counts:

- Count 1 - Conspiracy to Commit Armed Bank Robberies in violation of 18 U.S.C. § 371 and § 2113(a) and (d).

1

- Counts 2, 4, 6, 8, 12, 13 and 14 - Aiding and Abetting Armed Bank Robberies in violation of 18 U.S.C. § 2 and § 2113(a) and (d).
- Counts 3, 5, 7, 9, and 15 - Aiding and Abetting Use of a Firearm during "crimes of violence" - the armed bank robberies - in violation of 18 U.S.C. § 924(c)(1) and § 2.
- Count 10 - Aiding and Abetting Obstructing Justice by Retaliation in violation of 18 U.S.C. § 1512(a)(2) and § 2.
- Count 11 - Aiding and Abetting the Use of Fire or Explosive to Commit a Felony in violation of 18 U.S.C. § 844(h)(1) and § 2

In the Presentence Investigation Report ("PSR"), movant was deemed a "career offender" under § 4B1.1 of the United States Sentencing Guidelines ("USSG").[1] That designation was based on movant's March 1983 conviction on one count of federal bank robbery and an April 1987 conviction of attempted California robbery. The probation officer concluded that those prior convictions were "crimes of violence, Armed Bank Robberies." The effect of the career offender designation was to place movant in Criminal History Category VI rather than V. The PSR determined that based on the offense level of 35 and the Criminal History Category of VI, the Guideline range for imprisonment was 292-365 months on counts 1, 2, 4, 6, 8, 10, 12, 13 and 14. According to movant, had he not been deemed a career offender, his Guideline range would have been reduced to 262-327 months.

With respect to movant's convictions under 18 U.S.C. § 924(c)(1), the court imposed consecutive sentences of 60 months on count 3 and 240 months each on counts 5, 7, 9, and 15. Had movant not been convicted of these counts, his sentence would have been reduced by 1,020 months. Finally, movant received a 60-month sentence on count 11.

---

[1] See https://www.ussc.gov/guidelines/archive/1992-federal-sentencing-guidelines-manual. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instance offense of conviction is a felony that is . . . a crime of violence . . . , and (3) the defendant has at least two prior felony convictions of . . . a crime of violence . . . ." USSG § 4B1.1. "Crime of violence" is defined in § 4B1.2. The residual clause of that definition is relevant here. It states that a "crime of violence" is a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(1)(ii).

# MOTION TO VACATE[2]

Movant argues that the Court's decision in Johnson renders the residual clauses in the definitions of "crime of violence" found in USSG § 4B1.2 and 18 U.S.C. § 924(c)(3) void for vagueness. Movant further argues that he does not otherwise qualify as a career offender under § 4B1.1 and his crimes do not meet the standards for crimes of violence under the elements clause of § 924(c)(3)(A).[3]

The government counters that movant's challenge to § 4B1.2 is barred by the statute of limitations and that Johnson does not require a finding that either § 4B1.2 or § 924(c)(3) is vague. The government further argues that even if the residual clause of § 924(c)(3)(B) is vague, movant's crimes nonetheless qualify as crimes of violence under the elements clause of § 924(c)(3)(A).

## I.  Standards for Motions Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of their conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an

---

[2] Because he filed a § 2255 motion previously, movant sought authorization from the Ninth Circuit Court of Appeals to proceed on the present motion under 28 U.S.C. § 2255(h). The Ninth Circuit granted that authorization on January 24, 2017 and deemed the motion filed in this court on June 9, 2016.

[3] A person is guilty under § 924(c)(1) when, during a "crime of violence," he "uses or carries a firearm, or . . . in furtherance of any such crime, possesses a firearm." A crime is considered a "crime of violence" in one of two ways. First, it can fall under the "elements" or "force" clause. The elements clause classifies a crime as a "crime of violence" when it is a felony that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Second, the crime can fall under the "residual clause," which defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

**II. Johnson and its Progeny**

In Johnson v. United States, 135 S. Ct. 2551 (2015), the U.S. Supreme Court considered a constitutional challenge to the Armed Career Criminals Act. The provision at issue, 18 U.S.C. § 924(e)(1), requires sentences of 15-years-to-life for convictions for felon-in-possession where the defendant had been convicted of three or more prior "violent felonies." That section defined violent felonies in three ways. First, the felony could have as an "element" the "use, attempted use, or threatened us of physical force against the person of another." 18 U.S.C. § 924(e)(1)(B)(i). Second, the felony could be included in a list of four classes of felonies. Id. § 924(e)(1)(B)(ii). Third, the felony could fall within the "residual clause" where it "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id.

The Court in Johnson held that the residual clause definition of a violent felony was void for vagueness. The clause violates due process because it does not give sufficient notice to defendants of the conduct that will support the sentence enhancement, and because it invites arbitrary enforcement by judges. 135 S. Ct. at 2557. The Court later held that the decision in Johnson constitutes a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In Beckles v. United States, 137 S. Ct. 886, 890 (2017), the Court held that Johnson does not invalidate the USSG's use of identically-worded residual clauses – at least after United States v. Booker, 543 U.S. 220 (2005) – because "the advisory Guidelines are not subject to vagueness

challenges under the Due Process Clause."[4] The majority focused on the advisory nature of the Guidelines, and concluded that because they "merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." Id. at 894. Justice Sotomayor's concurring opinion noted that it remained an open question whether a pre-Booker defendant, who was subject to a mandatory higher sentencing range under the Guidelines, could bring a Johnson challenge. Id. at 903 n.4 (Sotomayor, J., concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in Booker . . . may mount vagueness attacks on their sentences.").

In Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Court applied Johnson to invalidate the Immigration and Nationality Act's incorporation of 18 U.S.C. § 16(b)'s residual clause. That statutory language defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Dimaya, 138 S. Ct. at 1211. The Court found that because this language is impermissibly vague under Johnson, it cannot be incorporated into the INA's definition of an "aggravated felony" which requires mandatory deportation. Id. at 1223.

Most recently, in United States v. Davis, the Court considered the residual clause in 18 U.S.C. § 924(c)(3)(B). That clause is identical to the residual clause considered in Dimaya. Section 924(c)(3)(B)'s residual clause defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In Davis, the Court held that residual clause void for vagueness. United States v. Davis, 139 S. Ct. 2319 (2019).

**III.   Statute of Limitations**

Movant's first claim challenges his designation as a career offender under § 4B1.2 of the USSG. The residual clause in § 4B1.2 defines a "crime of violence" as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG §

---

[4] The Court in Booker held that the Sentencing Guidelines are not mandatory, but are advisory only.

5

4B1.2(1)(ii). According to movant, because this language is essentially identical to the language found unconstitutionally vague in Johnson, his career offender designation should be reversed. The government argues that movant's challenge to § 4B1.2 is untimely. For the reasons that follow, this court agrees.

### A. Legal Standards

Generally, motions under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Movant was convicted in 1995, so the statute of limitations had long since expired when his motion was filed. However, § 2255(f)(3) provides an alternative commencement date for the limitations period, which movant relies on here. It permits filing of a § 2255 motion up to one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

### B. Analysis

In arguing that the text of § 4B1.2 is vague, movant relies on the Supreme Court's decision in Johnson, which the Court has held is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1265. Welch, however, can only support a later filing deadline for cases governed by Johnson. In Beckles, the Supreme Court held that Johnson is inapplicable to Guidelines challenges to sentences imposed after 2005.

The question in this case is whether the right announced in Johnson and given retroactive effect on collateral review in Welch is applicable to individuals who, like movant, were sentenced prior to 2005, when the Guidelines were considered mandatory, and whose Guideline calculation involved application of § 4B1.2. The Ninth Circuit recently answered this question. In United States v. Blackstone, 903 F.3d 1020, 1028 (9th Cir. 2018), the court held that "Johnson did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review."

In Blackstone, the Ninth Circuit considered the same challenge raised here - that the residual clause definition of "crime of violence" in § 4B1.2 is vague and, after Johnson, is unconstitutional. The court held that Johnson applies only to the ACCA, 18 U.S.C. § 924(e), and,

therefore, its retroactive application under Welch is also limited.  The Supreme Court has not extended Johnson to challenges to the Sentencing Guidelines.  Therefore, the Ninth Circuit concluded, Johnson did not trigger a new start date for § 2255's statute of limitations and Blackstone's challenge to § 4B1.2 of the Sentencing Guidelines was untimely.  903 F.3d at 1028.

      Like the instant case, Blackstone presented a challenge to a pre-Booker sentence that had been enhanced by application of the career offender Guideline.  Like movant here, Blackstone contended his prior crimes could not constitute crimes of violence under USSG § 4B1.2 after Johnson.  Because this court is bound by the Ninth Circuit's decision in Blackstone, it must find that the right asserted here has not been made retroactive to cases on collateral review and that the movant's claim challenging the application of USSG § 4B1.1 is therefore untimely.  See also United States v. Kay, No. 2:03-cr-0074 GMN, 2019 WL 4677007, at *3 (D. Nev. Sept. 24, 2019) (reaching same conclusion in similar case); United States v. Pratt, No. 2:01-cr-0152 WBS AC, 2019 WL 2465500, at *4 (E.D. Cal. June 13, 2019), rep. and reco. adopted, 2019 WL 3285800 (E.D. Cal. July 22, 2019) (same); United States v. Castanon, No. 1:96-cr-5272 DAD, 2019 WL 1934014, at *4 (E.D. Cal. May 1, 2019) (same).

**IV.    Challenge to Convictions under §924(c)(1)**

      Movant was convicted of five violations of aiding and abetting 18 U.S.C. § 924(c)(1).  That section provides for criminal penalties for a person who, during a "crime of violence," "uses or carries a firearm, or . . . in furtherance of any such crime, possesses a firearm."  A crime under this section is considered a "crime of violence" in one of two ways.  First, it can fall under the "elements" or "force" clause.  The elements clause classifies a crime as a "crime of violence" when it is a felony that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  Second, the crime can fall under the "residual clause," which defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  In his second claim, movant argues that the Court's holding in Johnson compels a conclusion that § 924(c)(3)(B) is void for vagueness.

**A. Timeliness of Challenge to § 924(c)**

Before addressing the substance of movant's claim, this court notes that the Ninth Circuit in Blackstone considered whether a challenge to § 924(c) convictions based on Johnson was timely under § 2255(f)(3). As it held regarding the challenge to the Sentencing Guidelines, the Ninth Circuit held that Johnson was not retroactively applicable to a challenge to § 924(c)'s residual clause and, therefore, that challenge was untimely. 903 F.3d at 1028.

Just months after the Ninth Circuit rendered its decision in Blackstone, the Supreme Court applied Johnson to a challenge to § 924(c)(3)(B). The Court held that, pursuant to the reasoning set out in Johnson, the residual clause in 18 U.S.C. § 924(c)(3)(B) is void for vagueness. United States v. Davis, 139 S. Ct. 2319 (2019). Since then, at least three circuit courts have held that Davis announced a new substantive constitutional rule that must be applied retroactively to cases on collateral review. See United States v. Reece, No. 17-11078, 2019 WL 4252238, at *3-4 (5th Cir. Sept. 9, 2019); United States v. Bowen, No. 17-1011, 2019 WL 4146452, at *6 (10th Cir. Sept. 3, 2019); In re Hammoud, 931 F.3d 1032, 1038-39 (11th Cir. 2019); see also United States v. McMillen, No. 09CR0710-JLS, 2019 WL 4602237, at *5 (S.D. Cal. Sept. 23, 2019) (citing Hammoud, 931 F.3d 1032). This court finds the reasoning of these opinions persuasive and concurs that Davis, like Johnson, announced a new rule of substantive law that should be considered applicable to claims made on collateral review. Therefore, movant's claim challenging his convictions under § 924(c) should be considered timely.

**B. Merits of Movant's Claim**

After Davis, movant's convictions under § 924(c) should be vacated unless there is an alternate basis to find that his crimes were "crimes of violence." The government argues that armed bank robbery under § 2113(a) and (d) is a crime of violence under the elements clause of § 924(c)(3)(A) - a felony that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Recent Ninth Circuit case law supports that argument. In United States v. Watson, 881 F.3d 782, 786 (9th Cir.), cert. denied, 139 S. Ct. 203 (2018), the court held that armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c)(3)(A).

8

The next question, then, is whether the crimes at issue in this case - aiding and abetting armed bank robbery – are crimes of violence.[5] Under 18 U.S.C. § 2, "those who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime." Rosemond v. United States, 572 U.S. 65, 71 (2014) (quotation marks and citation omitted). Section 2 is not a separate federal crime but "rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense" and to be punished as a principal. In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016); see also Gonzales v. Duenas-Alvarez, 549 U.S. 183, 189 (2007) (noting that every state and the federal government "has expressly abrogated the distinction among principals and aider and abettors" who were present at the scene or helped the principal prior to the crime).

In Colon, the Court of Appeals considered whether aiding and abetting Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). After determining that Hobbs Act robbery met the definition of a "crime of violence" under that clause, the court reasoned that:

> Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery. And because the substantive offense of Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," . . . then an aider and abettor of a Hobbs Act robbery necessarily commits a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

826 F.3d at 1305 (internal citations omitted).

The Court of Appeals concluded in Colon that where a crime is a crime of force under the elements clause, so too is aiding and abetting that crime. 826 F.3d at 1305. It appears that every

---

[5] Aiding and abetting is charged under 18 U.S.C. § 2. Section 2 provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

circuit to have considered the issue has come to the same conclusion. See United States v. McKelvey, 773 F. App'x 74, 75 (3rd Cir. 2019) (aiding and abetting Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A) (citing Colon, 826 F.3d at 1305)); Kidd v. United States, 929 F.3d 578, 581 (8th Cir. 2019) (aiding and abetting armed robbery involving controlled substances is a crime of violence under § 924(c)(3)(A)); United States v. Grissom, 760 F. App'x 448, 454 (7th Cir. 2019) (same re Hobbs Act robbery); United States v. Richardson, 906 F.3d 417, 426 (6th Cir. 2018) (same), vacated on other grounds, 139 S. Ct. 2713 (2019); United States v. Garcia-Ortiz, 904 F.3d 102, 104-05 (1st Cir. 2018) (same); United States v. Deiter, 890 F.3d 1203, 1210-11 (10th Cir. 2018) (defendant's prior conviction for aiding and abetting a bank robbery is violent felony under 924(e)(2)(B)(i)); United States v. Tibbs, 685 F. App'x 456, 465 (6th Cir. 2017) (under plain error review, holding aiding and abetting a Hobbs Act robbery is a crime of violence); see also United States v. Tubbs, No. 2:05-cr-0243 WBS CKD P, 2017 WL 4158733 (E.D. Cal. Sept. 15, 2017), rep. and reco. adopted, 2017 WL 4758881 (E.D. Cal. Dec. 19, 2017). It does not appear that the Ninth Circuit has ruled on the issue.

This court finds no authority to the contrary. Section 2 is clear - an aider and abettor is "punishable as a principal." Section 924(c)(1) provides for increased penalties when a firearm is involved in the offense. "Nothing in the language of § 924(c)(1) indicates that Congress intended to vitiate ordinary principles of aiding and abetting liability for purposes of sentencing under that subsection." Colon, 826 F.3d at 1305 (internal quotation marks and citation omitted).

Movant argues that Colon is wrongly decided. Relying on the reasoning used by the dissent in Colon, he argues that a defendant can be convicted of aiding and abetting an armed bank robbery without "ever using, attempting to use, or threatening to use force." Colon, 826 F.3d at 1306 (Martin, J., dissenting). Therefore, movant continues, the aider and abettor need not have the requisite intent under the elements clause definition of a crime of violence. That argument seems to simply ignore the basic tenet of aiding and abetting liability – an aider and abettor is responsible for the acts of the principal. See Duenas-Alvarez, 549 U.S. at 189; Colon, 826 F.3d at 1305.

////

Movant also argues that the definition of a crime of violence under the USSG, the Sentencing Commission's commentary makes clear that a "crime of violence" includes aiding and abetting such an offense. See USSG § 4B1.2, Cmt. n.1. There is no similar reference in § 924(c). However, there is no need for such a reference because there is no legal distinction between principals and aiders and abettors. Duenas-Alvarez, 549 U.S. at 189.

Finally, movant argues that crimes involving only a "risk" of violence, such as aiding and abetting, have in the past been considered under the residual clause, not under the elements clause. Since the residual clause is void, movant argues that this court should not construe the elements clause as covering intent only for a risk of violence. He cites to case law holding that a conspiracy to commit a crime of violence is not, itself, a crime of violence. See, e.g., United States v. Luong, No. 2:99-cr-0433 WBS, 2016 WL 1588495, at *2-3 (E.D. Cal. Apr. 20, 2016). The comparison between conspiracy and aiding and abetting is not apt. Under 18 U.S.C. § 2, an aider and abettor is considered a principal; a conspirator is not.

This court does not find movant's arguments compel a conclusion that would override the plain language of § 2 and § 924(c)(1) and the persuasive weight of seven circuit court opinions. This court recommends movant's second claim, challenging his convictions under 18 U.S.C. § 924(c)(1) be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (ECF No. 243) be denied; and
1. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-3059 JAM DB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections,

they shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 10, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/robi0383.2255 fr